UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES EDWARD CLARK,<br>    Petitioner,<br><br>v.<br><br>WARDEN FLOWERS,<br>    Respondent. | CASE NO. 3:25-cv-00197 (MPS)<br><br><br><br>July 3, 2025 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1. The Respondent resists the habeas petition. *See* ECF No. 10. For the reasons that follow, I will **DISMISS** the habeas petition for failure to exhaust administrative remedies.

**BACKGROUND**

The Petitioner, James Clark, was convicted of controlled substance offenses and sentenced to 360 months' imprisonment, followed by five years' supervised release, in the Eastern District of Pennsylvania. ECF No. 1 at 1; ECF No. 10-1 ¶ 4. The Petitioner is now serving his prison sentence at FCI Danbury. ECF No. 1 at 1. His projected release date is February 18, 2033. *See* BOP, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 14, 2025).[1]

The Petitioner filed a habeas petition from FCI Danbury on February 7, 2025. ECF No. 1. In it, he asserts that BOP (1) is "withholding [his] Federal Time Credits ('FTCs') pursuant to the

---

[1] "The Court may take judicial notice of BOP's inmate locator website." *Gilmore v. Puzio*, No. 3:24CV1685 (VAB), 2025 WL 509344, at *1 (D. Conn. Feb. 14, 2025).

First Step Act during [his] time in transit" and (2) "refused to actually assess [him] and change [his] risk level" during the COVID-19 pandemic, which "resulted in [him] earning only 10 days per month of FTCs, rather than the 15 [days per month of FTCs]." *Id.* at 1–2.

**LEGAL STANDARD**

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted). Thus, habeas petitioners may seek relief under § 2241 "to challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *McPherson v. Lamont*, 457 F. Supp. 3d 67, 74–75 (D. Conn. 2020) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001), and collecting other Second Circuit cases).

The Petitioner's claims that BOP withheld sentencing credits and refused to reduce his risk recidivism level (resulting in further loss of credits), *see* ECF No. 1 at 1–2, fall within the categories of challenges that may be brought under § 2241. *See Jiminian*, 245 F.3d at 146 (listing "computation of a prisoner's sentence by prison officials" as permissible grounds for a § 2241 petition); *Gilmore*, 2025 WL 509344, at *2 (noting petitioner's claim that the BOP "miscalculated her FSA credits" was among the type of claims that may be brought in a petition filed under § 2241). The Petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden

of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

**DISCUSSION**

The Respondent, the warden at FCI Danbury, contends that the Petitioner's habeas petition should be dismissed because (1) the Petitioner failed to exhaust his administrative remedies before filing his habeas petition and (2) the Petitioner's arguments fail on the merits. *See* ECF No. 10 at 1–2. I agree with the first contention and do not address the second.

*Exhaustion of Administrative Remedies*

"The Second Circuit has made clear that a petitioner must exhaust h[is] administrative remedies prior to filing an action under § 2241." *Daraio v. Lappin*, No. 3:08CV1812(MRK), 2009 WL 303995, at *3 (D. Conn. Feb. 9, 2009) (citing *Carmona,* 243 F.3d at 634 (citation omitted)). Section 2241's exhaustion requirement is judicial, not statutory.[2] *Cowette v. Puzio*, No. 3:24-CV-1656 (OAW), 2025 WL 969529, at *2 (D. Conn. Mar. 30, 2025) (citing *Carmona*, 243 F.3d at 634). "[T]he distinction between the two exhaustion requirements can be 'pivotal' because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal punctuation and citation omitted).

---

[2] I acknowledge the open question of whether the Prison Litigation Reform Act's ("PLRA") exhaustion requirement also applies to § 2241 actions. *See Atiyas v. Stover*, No. 23-CV-1132 (VDO), 2024 WL 343029, at *2 (D. Conn. Jan. 30, 2024). But, like Judge Oliver in *Atiyas*, I decline to apply the PLRA's exhaustion requirement in § 2241 actions "[u]ntil such time as the Second Circuit resolves this issue." *Id.*

3

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)(discussing exhaustion under PLRA). To properly exhaust administrative remedies under the judicially imposed exhaustion requirement, a petitioner must comply with the four-step Administrative Remedy Program ("the Program") established by the BOP. *See Atiyas*, 2024 WL 343029, at *2 (describing the four steps that must be taken before filing a § 2241 petition).

Under the Program, an inmate must first attempt informal resolution with prison staff by submitting a BP-8 form. 28 C.F.R. § 542.13(a). The inmate must next initiate a formal request to the Warden by submitting a BP-9 form. 28 C.F.R. § 542.14(a). He must then appeal to the appropriate Regional Director by submitting a BP-10 form. 28 C.F.R. § 542.15(a). Finally, he must further appeal to the BOP General Counsel by submitting a BP-11 form. *Id.* "[A]n inmate's claim is not considered fully exhausted until it is considered by the BOP General Counsel[.]" *Emery v. Pullen*, No. 3:22-CV-1003 (SVN), 2023 WL 348114, at *5 (D. Conn. Jan. 20, 2023). "In section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on the petitioner." *Paulino v. Flowers*, No. 3:24-CV-1569 (VAB), 2025 WL 297388, at *1 (D. Conn. Jan. 24, 2025).

I find no evidence in the record that the Petitioner attempted to exhaust his administrative remedies by completing the four steps in the Program. To the contrary, Bryan Beegle, a Senior Correctional Programs Specialist in the Correctional Programs Division at the BOP's Northeast Regional Office, asserts in a sworn declaration supplied by Respondent that the Petitioner "has not filed any Requests for Administrative Remedy or Administrative Appeals concerning his

4

First Step Act credit calculation, his PATTERN assessments, or the application of time credits." ECF No. 10-1 ¶ 42. Petitioner has not disputed this assertion. Instead, the Petitioner states in his habeas petition that "[b]ecause this Petition raises questions of statutory interpretation, exhaustion should be waived in this case." ECF No. 1 at 1. I disagree for reasons stated below and conclude that the petitioner has not exhausted his administrative remedies before filing his § 2241 petition.

Because § 2241's exhaustion requirement is judicially created, "a court has discretion to excuse the administrative exhaustion requirement for federal prisoners." *Donato v. Pullen*, No. 3:22-CV-640 (JAM), 2023 WL 1967340, at *4 (D. Conn. Feb. 13, 2023). The Second Circuit has identified four bases to excuse administrative exhaustion in the habeas context: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62; *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *7 (D. Conn. Mar. 3, 2017) (applying the four categories identified in *Beharry* to a § 2241 petition). None of these categories applies here.

First, the record does not suggest that available remedies are incapable of providing a genuine opportunity for adequate relief. *See Jiminez v. Warden*, No. 3:24-CV-01682 (VDO), 2025 WL 1233199, at *4 (D. Conn. Apr. 29, 2025) (concluding that record provided no indication that prison officials were incapable of addressing alleged miscalculation of FSA sentencing credits such that exhaustion should be excused). Second, I cannot discern any irreparably injury that would occur without immediate judicial relief because the Petitioner will

5

not be released until February 18, 2033. *See* BOP, Inmate Locator, *supra*; *Jiminez*, 2025 WL 1233199, at *4 (citing 18 U.S.C. §3624(g)(1)(A)) (concluding there was no irreparable injury because Petitioner was not yet eligible to receive FSA credits). Third, exhaustion would not be futile because the Petitioner could obtain the relief he seeks here through the administrative exhaustion process or, failing that, create a factual record for a court to review. *See Jiminez*, 2025 WL 1233199, at *4. And while the Petitioner argues in his reply brief that the Respondent's response to the petition, which the Respondent opposes, shows that exhaustion would be futile, that argument proves too much. Adopting it would mean that exhaustion was excused whenever the BOP opposed a Section 2241 petition on the merits. "That [petitioner's] argument would likely have failed is not tantamount to stating that it would have been futile to raise it." *Beharry*, 329 F.3d at 61.

      Lastly, the petition does not involve "a substantial constitutional question." *Beharry*, 329 F.3d at 62. Petitioner acknowledges this, arguing that his petition raises "questions of *statutory* interpretation," ECF No. 1 at 1 (emphasis added). To the extent any statutory interpretation is required to apply the statutes at issue, the "Petitioner will not be permitted to forego the exhaustion requirement by placing a constitutional label on a matter of statutory interpretation, as such a practice would render the exhaustion requirement nugatory." *Mohamed v. Ashcroft*, No. CIV. 3:02CV55 (PCD), 2002 WL 32506934, at *2 n.6 (D. Conn. Dec. 13, 2002). Moreover, courts have rejected assertions that exhaustion should be excused when habeas claims involve "questions of statutory interpretation," because "the BOP is in the best position to assess whether there was an error in considering Petitioner's entitlement to credit under the FSA and should be given an opportunity to correct any such error." *Hajati v. U.S. Dep't of Prob.*, No. 3:22-CV-887

(VAB), 2023 WL 2895903, at *2 (D. Conn. Mar. 24, 2023) (internal quotation marks omitted). Accordingly, this exception to the exhaustion requirement does not apply, either.

Because no evidence in the record shows that the Petitioner made any attempt to exhaust his administrative remedies or that any exception to the exhaustion requirement applies, I will dismiss Petitioner's habeas petition without prejudice for failure to exhaust his administrative remedies. *See id.* at *3 (dismissing without prejudice § 2241 petition challenging application of FSA credits because petitioner failed to exhaust administrative remedies). I decline to address the merits of the petition.

### CONCLUSION

For the foregoing reason, the petition for habeas corpus [ECF No. 1] is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

The Clerk is directed to close this case.

**SO ORDERED** this 3rd day of July 2025 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge